UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON RAY SHULTZ,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | Case No.: 17-cv-1823-CAB-MDD<br><br>**REPORT AND RECOMMENDATION ON MOTION AND CROSS MOTION FOR SUMMARY JUDGMENT**<br>**[ECF NOS. 12 and 15]** |

Plaintiff Aaron Shultz ("Plaintiff") filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final administrative decision of the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff's application for Disability Insurance Benefits under Title II of the Social Security Act ("Act"). (AR 20 ).[1]

For the reasons expressed herein, the Court recommends the case be REMANDED to the ALJ for further proceedings.

---

[1] "A.R." refers to the Certified Administrative Record filed on February 5, 2018, and located at ECF No. 9.

1

# I. BACKGROUND

Plaintiff was born March 1, 1975. (AR 34). Plaintiff was 39-years-old, which categorized him as a younger individual (age 18 - 44) at the time the instant application for benefits was filed. 20 C.F.R. §§ 404.1563, 416.963.

## A. Procedural History

On November 10, 2014, Plaintiff protectively filed an application for a period of disability insurance benefits under Title II of the Social Security Act, alleging a disability beginning June 16, 2010. (Certified Administrative Record ("AR") 20). After his application was denied initially and upon reconsideration (*Id.*), Plaintiff requested an administrative hearing before an administrative law judge ("ALJ"). (*Id.*). An administrative hearing was held on September 29, 2016. Plaintiff appeared and was represented by attorney Leena Fana. Testimony was taken from Plaintiff, Plaintiff's wife, Sarah Schultz, and Harlan S. Stock a vocational expert. (*Id.*).

As reflected in his February 15, 2017, hearing decision, the ALJ found that Plaintiff had not been under a disability as defined in the Social Security Act, from his alleged onset date through the date of the decision (*Id.*). The ALJ's decision became the final decision of the Commissioner on July 10, 2017, when the Appeals Council denied Plaintiff's request for review. (AR 6-8). This timely civil action followed.

# II. DISCUSSION

## A. Legal Standard

Sections 405(g) and 1383(c)(3) of the Social Security Act allow unsuccessful applicants to seek judicial review of a final agency decision of the Commissioner. 42 U.S.C. §§ 405(g), 1383(c)(3). The scope of judicial review is limited in that a denial of benefits will not be disturbed if it is supported by substantial evidence and contains no legal error. *Id.*; *see also*

*Batson v. Comm'r Soc. Sec. Admin*, 359 F.3d 1190, 1993 (9th Cir. 2004).

Substantial evidence means "more than a mere scintilla" but less than a preponderance. *Sandqathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997). "[I]t is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 1995)). The court must consider the record as a whole, weighing both the evidence that supports and detracts from the Commissioner's conclusions. *Desrosiers v. Sec'y of Health & Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). If the evidence supports more than one rational interpretation, the court must uphold the ALJ's decision. *Batson*, 359 F.3d at 1193. When the evidence is inconclusive, "questions of credibility and resolution of conflicts in the testimony are functions solely of the Secretary." *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982).

Even if a reviewing court finds that substantial evidence supports the ALJ's conclusions, the court must set aside the decision if the ALJ failed to apply the proper legal standards in weighing the evidence and reaching his or her decision. *Batson*, 359 F.3d at 1193. Section 405(g) permits a court to enter a judgment affirming, modifying or reversing the Commissioner's decision. 42 U.S.C. § 405(g). The reviewing court may also remand the matter to the Social Security Administration for further proceedings. *Id.*

**B.    The ALJ's Decision**

In rendering his decision, the ALJ followed the Commissioner's five step sequential evaluation process. See C.F.R. § 404.1520. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the period from his alleged onset date of June 16, 2010 through his date of last insured, June 30, 2017.

At step two, the ALJ found that Plaintiff had the following severe

impairments: left shoulder labral tear status post-surgical repair, lumbar spine degenerative disc disease, and left knee ACL tear, status post- surgical repair (AR 22).

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the impairments listed in the Commissioner's Listing of Impairments (20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526). (AR 24).

Next, the ALJ determined that, through the date last insured, Plaintiff had the residual functional capacity ("RFC") to perform light work except:

> limited to occasional stooping, crouching, kneeling, crawling, and climbing stairs or ramps; precluded from climbing ladders, scaffolds and ropes; can stand and walk 2 hours in an 8-hour day and sit 6 hours in an 8-hour day; limited to occasional overhead reaching with the left upper extremity; avoid exposure to unprotected heights and other hazards; avoid work in extreme cold. (AR 25).

For purposes of his step four determination, the ALJ adduced and accepted the VE's testimony[2] that a hypothetical person with Plaintiff's vocational profile would be unable to perform the exertional demands of his past relevant work defined by the VE as naval work, 2nd Class, at a heavy level, with a specific vocation preparation level of 3-4, indicating semi-skilled work. (AR 30). Accordingly, the ALJ found that Plaintiff was unable to perform any past relevant work. (*Id.*).

The ALJ then proceeded to step five of the sequential evaluation process. Based on the VE's testimony that a hypothetical person with

---

[2] Vocational Expert Harlan Stock testified regarding whether Plaintiff could make a successful adjustment to other work.

Plaintiff's vocational profile would have been able to perform the requirements of occupations that existed in significant numbers in the national economy (i.e., parking lot attendant, paramutual ticket seller, toll collector). Subsequently, the ALJ found that Plaintiff was not disabled through his date last insured. (AR 31).

C. **Issues on Appeal**

Plaintiff raises two arguments in support of his motion. First, Plaintiff claims the ALJ failed to make a finding as to whether the use of a cane was medically necessary and did not include the impact the use of a cane would have on his RFC. Second, Plaintiff contends the ALJ's credibility finding is generally flawed because it fails to acknowledge or discuss Plaintiff's exemplary work history. (ECF No. 12 p. 5).

**1. Plaintiff's Use of a Cane**

As noted above the ALJ determined Plaintiff' had the RFC to perform light work[3] with certain restrictions. Plaintiff argues that the RFC fails to note one way or the other as to whether Plaintiff's cane use was medically necessary. (ECF 12-1, p. 8). According to Plaintiff "[t]his is clear error." (*Id.*).

The Defendant contends "the ALJ permissibly interpreted and resolved any difference in opinion of the various physicians, none of whom indicated that Plaintiff needed to use an assistive device, and found that Plaintiff could perform light work without the need for an assistive device. (AR 25)." (ECF No. 15, p. 13).

In his Reply, Plaintiff maintains that "the ALJ must make two findings with respect to the use of a cane: (1) the extent to which the assistive

---

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. §§ 404.1567(b), 416.967(b).

device is medically necessary; and (2) the work-related limitations that result from the need for that devise (sic) as part of the RFC finding." (ECF No. 17, p. 2). Plaintiff further asserts, "[h]aving established that the ALJ recognized Plaintiff's use of a cane in the decision, but failed to make a finding as to the medical necessity of the cane, Plaintiff has established reversible error." (*Id. citing Bray v. Commissioner,* 554 F.3d 1219, 1225-26 (9th Cir. 2009) citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947).

Social Security Ruling 96-9p[4] states:

> To find that a hand held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed. (i.e. whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information.). The adjudicator must always consider the particular facts of a case. For example, if a medically required hand-held assistive device is needed only for prolonged ambulation, walking on uneven terrain, or ascending or descending slopes, the unskilled occupational base will not ordinarily be significantly eroded.
>
> Since most unskilled sedentary work requires only occasional lifting and carrying light objects such as ledgers and files and a maximum lifting capacity of only 10 pounds, an individual who uses a medically required hand-held assistive device in one hand may still have the ability to perform the minimal lifting and carrying requirements of many sedentary unskilled occupations with the other hand. For example, an individual who must use a hand-held assistive device to aid in walking or standing because of an impairment that affects one lower extremity (e.g., an unstable knee), or to reduce pain when walking, who is limited to sedentary work because of the impairment affecting the lower extremity, and who has no other functional limitations or restrictions may still

---

[4] Social Security Rulings "are binding on all components of the Social Security Administration. These rulings represent precedent final opinions and orders and statements of policy and interpretations that we have adopted." 20 C.F.R. § 402.35(b)(1).

> have the ability to make an adjustment to sedentary work that exists in significant numbers. On the other hand, the occupational base for an individual who must use such a device for balance because of significant involvement of both lower extremities (e.g., because of a neurological impairment) may be significantly eroded.
> In these situations, too, it may be especially useful to consult a vocational resource in order to make a judgment regarding the individual's ability to make an adjustment to other work. SSR 96-9p.

In establishing Plaintiff's RFC, the ALJ gave great weight to Dr. Noli Cava's report, based on Dr. Cava's benefit of an in person examination of Plaintiff and the availability of all available diagnostic tests. (AR 27). The ALJ also gave substantial weight to the reports of Plaintiff's physician, Dr. Scott Renslow, M.D. because his findings were supported by the medical record. Dr. Renslow "submitted a series of residual functional capacity forms dated January 9, 2015. (AR 541-553). He determined Plaintiff was physically limited to lifting 20 pounds frequently or occasionally, standing 2 hours in an 8 hour day, walking 1 hour in an 8 hour day, sitting 8 hours in an 8 hour day, no squatting, crawling, occasional bending, climbing, or overhead reaching, and no environmental restrictions. (AR 27).

Other than citing to the statements of Drs. Cava and Renslow, the ALJ does not discuss Plaintiff's cane use in his decision. Based on the record presented it is not possible to determine if the ALJ found the case was not necessary or if he did not consider it For the reasons stated herein, the court finds the ALJ erred by failing to undertake a more in-depth analysis regarding Plaintiff's cane use.

For example, reviewing the hearing transcript, the ALJ had the opportunity to explore Plaintiff's testimony regarding his cane use by asking if Plaintiff had a doctor's recommendation or prescription for the cane.

7

During the administrative hearing the ALJ had the following exchange with Plaintiff:

> ALJ: I saw you using a cane. Do you—
> P: Yes, sir.
> ALJ: --need to use that all the time?
> P. No, sir, I do not need it all the time. My cane is for my back. When it starts aching and hurting like it is right now, my left leg literally goes numb. Or it won't respond, so I need my cane to actually support me walking. . . . I have to, or I fall down. (AR 47).

Other evidence also exists in the record related to Plaintiff's use of a cane. For example, in Plaintiff's "Function Report-Adult" dated December 15, 2015, Plaintiff reported that he used a cane when the pain in his back shoots down his left leg and that the cane was prescribed. (AR 302). In addition, in the "Function Report-Adult-Third Party" dated December 18, 2015, Plaintiff's wife stated that Plaintiff needed the use of a cane, that it had been prescribed "several years ago" and Plaintiff "uses [the] cane often for walking." (AR 294). Lastly, Plaintiff's use of a cane was also noted in at least eight third party statements that specifically indicated they observed Plaintiff using a cane for ambulation. (AR 335-347).

The ALJ acknowledged the third party statements and gave them partial weight because "the limitations were described by people who were able to observe the Plaintiff's day-to-day activities, and the impact of the impairments on Plaintiff's functional capacity." (AR 29). However, the ALJ did not develop the record further despite the testimony and third party statements.

The record consistently shows through observation by medical providers and lay persons that Plaintiff uses a cane. (AR 568, 558, 335-347). As noted above, Plaintiff testified and his wife testified about his cane use.

(AR 59, 66, 67, 68). Both noted in their separate reports that the cane had been prescribed. (AR 294, 302). To develop the record further, the ALJ had a meaningful opportunity at the hearing to ask Plaintiff and Plaintiff's wife about whether the cane had been recommended or prescribed. The ALJ could have inquired into the identity of the medical provider. The ALJ could also have taken medical expert testimony on the issue of whether Plaintiff's use of a cane was medically required.

Despite the noteworthy record evidence regarding Plaintiff's use of a cane, the ALJ did not opine one way or another on Plaintiff's cane use and whether it was medically required. "The adjudicator must always consider the particular facts of a case." SSR 96-9p. If an ALJ uses a VE, "the hypothetical questions posed to the vocational expert must set out *all* the limitations and restrictions of the particular claimant…." *Embrey v. Bowen*, 849 F2d 418, 422 (9th Cir. 1988) (emphasis in original). "If a claimant has a genuine medical need for a cane, such a limitation should be included in any hypothetical questioning of the VE." *Blanket v. Berryhill*, No. 16cv00001-LRS (E.D. Wash. May 22, 2017).

In this case, there is genuine ambiguity about whether Plaintiff's need for a cane is medically required. The ALJ failed to resolve the ambiguity by developing the record. *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001)("An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence."). For these reasons, the court finds the ALJ erred in his decision not to develop the record further in an effort to determine if the use of a cane should be included in Plaintiff's RFC. Because the court finds that the record was not fully developed, the court cannot presume that substantial evidence supports the ALJ's decision not to include

Plaintiff's cane use in the RFC determination.

**2. Plaintiff's Subjective Symptom Complaints**

Plaintiff asserts a second argument regarding the ALJ's credibility finding. Specifically, Plaintiff contends that the ALJ failed to consider his consistent work history for sixteen years with U.S. Navy and the "subsequent six quarters in 2012 and 2013, prior to his onset of disability." (ECF No. 12-1, p.10).

Defendant contends that "[t]he ALJ reasonably found Plaintiff's allegations regarding his symptoms were inconsistent with the objective evidence in the record." (ECF No. 15-1, p. 22). Defendant also contends "a claimant's work history is just one of several factors an ALJ may consider when evaluating a claimant's allegations." (*Id.*). Defendant argues that if the ALJ did err by not giving sufficient weight to Plaintiff's work history, the "remaining reasoning and ultimate credibility determination" was supported by substantial evidence and should be upheld. (*Id.* at p. 25-26).

"[A] credibility finding must be "sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002). In this case, the ALJ cannot properly weigh Plaintiff's credibility without further developing the record regarding Plaintiff's cane use, therefore, this issue will not be addressed.

**3. Remand for Further Administrative Proceedings is Appropriate**

The law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the court. See, e.g. *Salvador v. Sullivan*, 917 F.2d 13, 15 (9th Cir. 1990); *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Remand is

warranted where additional administrative proceedings could remedy defects in the decision. *See, e.g. Kail v. Heckler*, 722 F.2d 1496, 1497 (9th Cir. 1984).

Here the ALJ failed to fully develop the record with respect to Plaintiff's use of a cane. The ALJ has a "special duty to fully and fairly develop the record and to assure that the claimant's interests are considered." *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983). While plaintiff bears the burden of proving disability, the ALJ in a social security case has an independent and " 'special duty to fully and fairly develop the record and to assure that the claimant's interests are considered.' " *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996) (quoting *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983)); *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (citation omitted). This duty is "triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes*, 276 F.3d at 459–60.

In sum, the ALJ erred in deciding not to pursue whether Plaintiff's cane use was medically required when the issue had been adequately raised by Plaintiff. When error exists in an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *INS v. Ventura,* 537 U.S. 12, 16 (2002) (citations and quotation marks omitted); *Moisa v. Barnhart,* 367 F.3d 882, 886 (9th Cir. 2004). Accordingly, the Court recommends the case be remanded for further administrative action consistent with the findings presented herein.

### IV. <u>CONCLUSION</u>

The Court **RECOMMENDS** that the case be **REMANDED** for further proceedings and the ALJ be instructed to further develop the record regarding whether Plaintiff's cane use is medically required. This Report and

Recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1(c) of the United States District Court for the Southern District of California.

**IT IS HEREBY ORDERED** that any written objection to this report must be filed with the court and served on all parties no later than **October 12, 2018.** The document should be captioned "Objections to Report and Recommendations."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **October 19, 2018**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 28, 2018

Hon. Mitchell D. Dembin
United States Magistrate Judge